Mr. Justice Groves
dissenting:
The applicable statute reads:
“Before entering any decision approving or denying the application, the local licensing authority shall consider the facts and evidence adduced as a result of its investigation, as well as any other facts, the reasonable requirements of the neighborhood for the type of license for which application has been made, the number, type, and availability of liquor outlets located in or near the neigh *7 borhood under consideration, and any other pertinent matters affecting the qualifications of the applicant for the conduct of the type of business proposed; provided, that the reasonable requirements of the neighborhood shall not be considered in the issuance of a club liquor license.” C.R.S. 1963, 75-2-42(2)
There is another liquor store within 3/10 of a mile of the proposed site of the applicant. Some indication of the nature of this neighborhood can be found in the fact that the highway upon which the existing liquor store is located and upon which the proposed outlet would also be situated has a speed limit of 60 miles per hour.
I agree with the view expressed in the majority opinion that the findings of the county commissioners are not sufficient to justify a denial of the license. However, I dissent from the result wherein the commissioners are ordered to grant the applicant a license. In effect the order makes this court the local licensing authority.
Under the statute the local licensing authority is permitted to consider facts and evidence adduced as a result of its investigation, as well as any other facts. The statute would seem to require that a finding be made as to the reasonable requirements of the neighborhood. Before there is a judicial mandate that the authority issue a license, the local authority is entitled to have a review of its findings on the reasonable requirements of the neighborhood and the availability of liquor outlets located in the neighborhood as well as any other facts that may be pertinent. This has not as yet been done and the local authority should be accorded that opportunity. Therefore, I would remand this matter to the district court with instructions that it order the county commissioners to make findings in accordance with the statute and thereafter make a decision granting or denying the license based upon those findings.
Mr. Chief Justice McWilliams has authorized me to state that he joins in this dissent.